SCHEB, Judge.
In these consolidated appeals, we address issues concerning awards of alimony, assets, and attorney’s fees. The central issue focuses on the alleged failure of the trial court to enforce the terms of an ante-nuptial agreement.
In 1981, when the parties married, both were in their late sixties and each had been married previously. The couple signed an antenuptial agreement, which provided that each spouse would retain his or her individual property except:
Any and all assets acquired or held by the parties in the form of joint ownership, as tenants in common, or by tenants by the entirety, or transferred by one party to both so as to result in such form of ownership, shall be divided equally between the parties.
In 1989, the husband filed for dissolution, and both parties requested enforcement of the agreement. After a hearing, the trial court entered a final judgment of dissolution, which specifically found the agreement to be reasonable, equitable, and entered into freely and voluntarily. Apparently, therefore, the trial court intended to enforce the agreement. Nevertheless, it appears the trial judge effectuated an equitable distribution of the parties’ assets.
*364 Under the final judgment, the wife received full interest in all property individually owned by her. The remaining properties were held jointly by the wife and the husband. These assets consisted of the marital home, valued between $160,000-$250,000, a mobile home, valued at $13,000, a $35,000 savings account, and a checking account with a balance of $4,600. The final judgment awarded full interest in the marital home and the $35,000 savings account to the husband. The court recognized the wife’s one-half interest in the checking account. The court also recognized the wife’s one-half interest in the mobile home and awarded the husband’s corresponding interest to her as lump sum alimony. Despite the fact that evidence regarding placement of the wife’s name on assets was the same, the court ruled that the husband intended to make a gift of the checking account but not the marital home or the $35,000 savings account.
In appeal number 89-02006, the wife raises two points. First, she argues that all the jointly held assets should have been divided equally as provided in the antenup-tial agreement. We agree. We are not unmindful that the jointly held assets were funded from the husband’s separately owned properties. Indeed, the wife admitted that she did not deposit any of her separate funds into the parties’ joint accounts. As to the marital home, it is unre-futed that the funds to purchase the house originated from proceeds of the sale of the husband’s separately owned properties. These proceeds were first placed temporarily in a three-month certificate of deposit held jointly by the parties, and then used to buy the home, which was titled in both names. Nevertheless, wé find that disposition of these assets is controlled by provisions of the antenuptial agreement.
The husband argues that since the funding for the jointly held assets is clearly traceable to his separate property, the jointly held assets should be considered mere reinvestments and thus, his separate property. He points to the reinvestment provision in the antenuptial agreement that each party shall retain sole ownership of premarital property and that:
any reinvestment of such assets, shall be his or her own separate and absolute property forever, without interference by the other party ... as if said marriage had not taken place.
(Emphasis added). We cannot agree with the husband.
The agreement anticipated and addressed the situation of one spouse putting the other spouse’s name on property. The document provided that if an asset was “transferred by one party to both so as to result in such a form of ownership [joint tenancy], [it] shall be divided equally.” (Emphasis added). We interpret the reinvestment provision cited by the husband to mean that had the husband reinvested his separately owned property into other assets, which he held solely in his own name, the wife would have no claim to those assets, although they had technically been acquired during the marriage.
Second, the wife claims the court erred in directing the husband to pay only one-half of the wife’s attorney’s fees. We find the award to be within the trial judge’s discretion, Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), and we leave that portion of the final judgment undisturbed.
In appeal number 89-02451, the husband challenges the order, dated August 15, 1989, to the extent it grants the wife temporary suit money and attorney’s fees. We find no merit to his contentions in regard to these items.
In summary, in appeal number 89-02006, we reverse that portion of the final judgment granting the husband full interest in the marital home and $35,000 savings account. We also reverse that portion which gives the wife full interest in the mobile home. We affirm all other provisions, including the award to the wife of one-half interest in the checking account and her entitlement to one-half of her attorney’s fees. The trial court is directed to enter an amended judgment dividing the jointly held assets equally, as required by the antenup-tial agreement. We affirm the order appealed in number 89-02451.
*365 Affirmed in part, reversed in part, and remanded with directions.
CAMPBELL, C.J., and PATTERSON, J., concur.